IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA #1088118 | § | |
| | § | |
| V. | § | A-18-CA-099-RP |
| | § | |
| MARGARET MOORE, Travis County | § | |
| District Attorney | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Guadalupe Padilla's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving a 37-year prison sentence concurrently with a 15-year prison sentence imposed following his convictions for aggravated sexual assault of a child and indecency with a child by sexual contact. *Padilla v. State*, No. 03-12-00299-CR, 03-12-00300-CR, 03-12-00301-CR, 2013 WL 3185896 (Tex. App. – Austin 2013, pet. ref'd). According to the Texas Court of Appeals:

> In October 1994, Guadalupe Padilla was on parole from a prison sentence for burglary and living in Austin with his girlfriend and her eleven-year-old daughter. *See Padilla v. State*, No. 03–02–00345–CR, 2003 WL 21401256, at *1 (Tex. App.-Austin June 19, 2003, pet. ref'd) (mem. op., not designated for publication). On the night of October 22, Padilla sexually assaulted the young girl while his girlfriend was at work. *Id.* The girl told her mother about the assault when she returned home that evening after work. *Id.* The mother confronted Padilla and told him she was going to call the police. *Id.* He fled the house that night never to return. *Id.*

*Padilla*, 2013 WL 3185896 at, *1.

In an attempt to prove his innocence, Plaintiff has filed multiple motions for DNA testing in state court, some of which were denied and some of which were granted. Attached to Plaintiff's complaint is the state court's most recent order denying Plaintiff's motion for DNA testing and denying his request for the appointment of counsel.

The trial court made the following findings of fact and conclusions of law:

**Findings of Fact:**

1. Applicant fails to establish that identity is an issue in this case.

2. Applicant's motion for post-conviction DNA testing fails to show that any additional testing would produce exculpatory results that demonstrate that he would not have been convicted if these results had been presented at trial.

3. Applicant's biological evidence has already been tested and his motion for post-conviction DNA testing fails to show that newer testing methods are available that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

4. Applicant has not established that a reasonable ground exists for the filing of a motion for post-conviction DNA testing.

**Conclusions of Law:**

5. With regard to Applicant's motion for post-conviction DNA testing, the requirements of Article 64.03 of the Texas Code of Criminal Procedure have not been satisfied. *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), (a)(2)(A). As a consequence, this court does not have the authority to order post-conviction DNA testing. *See* Tex. Code Crim. Proc. art. 64.03(a).

6. The requirements of Article 64.01(c) of the Texas Code of Criminal Procedure have not been satisfied. As a consequence, this court is not required to appoint counsel.

In the case before this Court, Plaintiff sues Travis County District Attorney Margaret Moore seeking the release of evidence. He alleges his right to due process was violated when the State refused to provide him forensic evidentiary reports he requested via the Texas post-conviction statutes for discovery and DNA testing. Plaintiff contends due process is violated by the State's refusal to release the forensic report, which may explain the source or donor of unidentified minor component in DNA mixture profile from sexual assault kit evidence.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

3

the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Mandamus Relief

Plaintiff's stand-alone request for the Court to compel the Travis County District Attorney to release the evidence he requests is in the nature of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The Travis County District Attorney is not an officer or employee of the United States or any federal agency. Consequently, this Court is without power to order the defendant to turn over the requested evidence and items, and Plaintiff's request for mandamus relief must be dismissed as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

C. Section 1983 Relief

Alternatively, Plaintiff's lawsuit fails to raise a viable claim for which relief can be granted under section 1983. To state a claim under section1983, a plaintiff must prove: (1) the conduct in

4

question was committed by a person acting under the color of state law, and (2) the conduct deprived the claimant of a constitutional right. *Kovacic v. Villarreal*, 629 F.3d 209, 213 (5th Cir. 2010). While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, Texas has created such a right. In these circumstances, the state-provided procedures must be adequate to protect the substantive rights provided. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011); *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). In order for these procedures to be unconstitutional, it would have to be determined that the procedures were inadequate to protect Plaintiff's right to seek post-conviction DNA testing. *Skinner*, 562 U.S. at 525.

Chapter 64 of the Texas Code of Criminal Procedure permits a convicted defendant to move in the convicting court for post-conviction DNA testing of evidence. But Chapter 64 only allows the state court to order testing if it finds: (1) the unaltered evidence is available for testing; (2) identity was an issue in the case; (3) the convicted person establishes by a preponderance of the evidence that he would not have been convicted if DNA testing provided exculpatory results; and (4) the motion is not made to delay the execution of a sentence. Tex. Code Crim. Proc. art. 64.03(a); *see also Emerson v. Thaler*, 544 Fed. App'x 325, 328 (5th Cir. 2013).

The state trial court denied Plaintiff's motion for DNA testing because he failed to establish identity was an issue in the case and that any additional testing would have produced exculpatory results that demonstrate Plaintiff would not have been convicted if these results had been presented at trial. Plaintiff asserts that the State's refusal to provide him forensic evidentiary reports violates his due process rights. However, Plaintiff's allegations are insufficient to plausibly allege that a plaintiff's right to procedural due process has been violated by the process available under

5

Chapter 64. Considering that Plaintiff could fully utilize the process enacted by the state legislature, all Plaintiff has shown is that his state court denied his motion for DNA testing. That is not enough.

Furthermore, Plaintiff cannot meet the statutory requirements for obtaining post-conviction DNA testing. As explained by the trial court, identity was not an issue at Plaintiff's trial. In sum, Plaintiff's arguments do not establish his due process rights were violated.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued

an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 22nd day of March, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE