IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-99-RP |
| | § | |
| MARGARET MOORE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Andrew W. Austin concerning Plaintiff Guadalupe Padilla's ("Padilla") complaint, issued pursuant to 28 U.S.C. § 1915(e), 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 9). In his report and recommendation, Judge Austin recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (*Id.* at 6). Padilla timely filed objections to the report and recommendation. (Objs., Dkt. 13).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Padilla timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*.

Having conducted a *de novo* review, the Court agrees with the magistrate judge's legal analysis and adopts those portions of the report and recommendation as its own order. Padilla's complaint fails to state a claim for relief for the reasons set forth in the report and recommendation. Particularly, to state a claim for relief under 42 U.S.C. § 1983 to obtain postconviction forensic

1

evidence, Padilla must allege more than simply the value of obtaining the evidence; he must show that Texas' postconviction relief procedures "are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). His complaint fails to allege facts sufficient to state a plausible claim for relief; dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is therefore warranted.

The Court declines to adopt that portion of the report and recommendation that recommends dismissing Padilla's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). In his objections, Padilla requests leave to amend his complaint. (Objs., Dkt. 13, at 2). A *pro se* litigant should "[g]enerally . . . be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Accordingly, the Court will provide Padilla with the opportunity to amend his complaint.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Andrew Austin, (Dkt. 9), is **ADOPTED IN PART**. Padilla's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. Padilla shall file an amended complaint, if at all, on or before **September 20, 2018**.

**SIGNED** on July 20, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE