IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-99-RP |
| MARGARET MOORE, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Guadalupe Padilla's ("Padilla") amended complaint. (Dkt. 17). Padilla filed his original complaint earlier this year and sought leave to proceed *in forma pauperis*. (Dkts. 1, 2). Magistrate Judge Andrew W. Austin granted leave to proceed to proceed *in forma pauperis*, (Dkt. 4), and reviewed Padilla's complaint pursuant to 28 U.S.C. § 1915(e). (R. & R., Dkt. 9). In his report and recommendation, Judge Austin recommended that the Court dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (*Id.* at 6). Padilla timely objected, (Objs., Dkt. 13), and the Court dismissed his claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Order, Dkt. 16). In its order, the Court granted Padilla leave to file an amended complaint. (*Id.* at 2). He did so. (Am. Compl., Dkt. 17). Because Padilla continues to proceed *in forma pauperis*, the Court must review his amended complaint under 28 U.S.C. § 1915(e). Having done so, the Court finds that his claims must be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Padilla's amended complaint simply restates the same claim for relief as his original complaint without adding new facts. Once again, Padilla alleges that the Travis County District Attorney has custody of forensic documentary reports that he would like copies of. (Am. Compl., Dkt. 17, at 5). He again states a claim for relief under 42 U.S.C. § 1983 seeking to obtain those reports. (*Id.* at 5–6). To obtain postconviction forensic evidence pursuant to 42 U.S.C. § 1983,

1

Padilla must allege more than simply the value of obtaining the evidence; he must show that Texas' postconviction relief procedures "are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). Like Padilla's original complaint, his amended complaint fails to allege facts sufficient to state a plausible claim for relief because it alleges no facts relevant to the adequacy of Texas's postconviction relief procedures. Dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is therefore warranted.

A court need not grant a plaintiff leave to amend his or her complaint if doing so would be futile. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016). A complaint is futile "if it lacks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up); *see also Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("[A] district court may refuse leave to amend if . . . the complaint as amended would be subject to dismissal."). Typically, courts find futility "because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Here, Padilla's amended complaint simply restates the same allegations and claim as his original complaint and fails to state a claim for the same reasons as his original complaint. The Court finds that permitting another amendment would be futile.

Accordingly, **IT IS ORDERED** that Padilla's claims in his amended complaint, (Dkt. 17), are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court shall **CLOSE** this action.

**SIGNED** on October 24, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE