IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-99-RP |
| MARGARET MOORE, | § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Plaintiff Guadalupe Padilla's ("Padilla") Motion to Alter or Amend Judgment. (Dkt. 20). Padilla brings his motion under Federal Rule of Civil Procedure 59(e). (*Id.* at 1). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (cleaned up). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Padilla filed his original complaint and sought leave to proceed *in forma pauperis*. (Dkts. 1, 2). Magistrate Judge Andrew W. Austin granted leave to proceed to proceed *in forma pauperis*, (Dkt. 4), and reviewed Padilla's complaint pursuant to 28 U.S.C. § 1915(e). (R. & R., Dkt. 9). In his report and recommendation, Judge Austin recommended that the Court dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (*Id.* at 6). Padilla timely objected, (Objs., Dkt. 13), and the Court dismissed his claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Order, Dkt. 16). In its order, the Court granted Padilla leave to file an amended complaint. (*Id.* at 2). He did so. (Am. Compl., Dkt. 17). Because Padilla continued to proceed *in forma pauperis*, the Court reviewed his amended complaint under 28 U.S.C. § 1915(e). Upon doing so, the Court dismissed his amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Order, Dkt. 18).

1

In his motion to alter or amend judgment, Padilla argues that the Court did not consider the new allegations added to his amended complaint. (Mot., Dkt. 20, at 3). On the contrary, the Court considered all of the allegations in Padilla's amended complaint, including the new allegations; those allegations were simply insufficient to state a claim for relief under 42 U.S.C. § 1983. (*See* Order, Dkt. 18, at 1–2). To obtain postconviction forensic evidence pursuant to 42 U.S.C. § 1983, Padilla must allege more than simply the value of obtaining the evidence; he must show that Texas' postconviction relief procedures "are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). Padilla alleges that Defendant has custody of forensic documentary reports and that Defendant violated his Fourteenth Amendment right by refusing to release those reports. (Am. Compl., Dkt. 17, at 5). He alleges that the Texas post-conviction statute denied him due process because the Capital Area Private Defender Service, which reviewed his case, "do[es] not appear to be sanctioned by statutory authority or judicial court order." (*Id.* at 5–6). Padilla's threadbare and conclusory allegations are insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court will not alter or amend its judgment dismissing Padilla's claims for relief under 28 U.S.C. § 1915(e)(2)(B)(ii) and denying him further leave to amend.

Accordingly, **IT IS ORDERED** that Padilla's Motion to Alter or Amend Judgment, (Dkt. 20), is **DENIED**.

**SIGNED** on November 15, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE